UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PAVEL CRUZ TENA, and others
similarly-situated,

       Plaintiff,

vs.

WORLDWIDE TRANSPORTATION
SERVICES, INC., a Florida Corporation,
and ALI A. MALEK, individually,

       Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, PAVEL CRUZ TENA, by and through his undersigned attorney, and hereby sues Defendants, WORLDWIDE TRANSPORTATION SERVICES, INC. (hereinafter "WORLDWIDE"), a Florida Corporation, and ALI A. MALEK, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.      This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of minimum wage, late payment minimum wage, overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"), and unpaid wages under Florida Statute §448.08.

2.      The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.     The Defendants regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while he was employed by the Defendants.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6.     WORLDWIDE's business activities involves those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

7.     Upon information and belief, the annual gross income for the Defendant during the years 2012, 2013, and 2014 was in excess of $500,000.00, annually.

8.     Upon information and belief, the annual gross income for the Defendant during the first half of 2015 was in excess of $250,000.00.

9.     By reason of the foregoing, WORLDWIDE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

10.     The individual Defendant, MALEK, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporations and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs

and opt-in plaintiffs.   Defendant MALEK controlled the purse strings for the corporate Defendant. Defendant MALEK hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

11.     Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

12.     The corporate Defendant operates a transportation company in Miami-Dade County, Florida. Plaintiff was employed by the Defendants as a driver from approximately August 28, 2014 through August 18, 2015.

13.     Plaintiff was paid approximately $350.00 per week during the period of August 2014 through September 2014; $800 per week during the period of October 2014 through May 2015; and no wages from June 2015 through August 2015. Plaintiff worked approximately 60 hours per week.

14.     Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

15.     The similarly situated individuals are those individuals whom were employed by the Defendants as a driver and whom were not paid overtime wages, in whole or in part.

16.     The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay his at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

17.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was paid below the minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wage, Defendants did not alter their pay practices to pay minimum wage. Moreover, Defendants attempted evade their wage obligations by misclassifying the Plaintiff as an independent contractor.

18.     Plaintiff has retained the law offices of the undersigned attorneys to represent his in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: UNPAID MINIMUM WAGES

19.     Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

20.     29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24,

2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21.     The corporate Defendant operates a transportation company in Miami-Dade County, Florida. Plaintiff was employed by the Defendants as a driver from approximately August 28, 2014 through August 18, 2015.

22.     Plaintiff was paid approximately $350.00 per week during the period of August 2014 through September 2014; $800 per week during the period of October 2014 through May 2015; and no wages from June 2015 through August 2015. Plaintiff worked approximately 60 hours per week.

23.     The Defendants' wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

24.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not alter their pay practices to pay minimum wages.

25.     Plaintiff has retained the law offices of the undersigned attorneys to represent his in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor

Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: LATE PAYMENT MINIMUM WAGES

26.     Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

27.     29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

28.     The corporate Defendant operates a transportation company in Miami-Dade County, Florida. Plaintiff was employed by the Defendants as a driver from approximately August 28, 2014 through August 18, 2015.

29.     The FLSA requires that Plaintiff be paid his wages on the day they are due. Plaintiff was repeatedly paid his weekly wage on a date that was several weeks after the date they were required to be paid.

30.     Defendants failed to timely pay the Plaintiff's wages from approximately December 1, 2014 through the present date. To date, Plaintiff has not been paid any wages from June 2015 through August 2015.

31.     Defendants are indebted to the Plaintiff for liquidate damages due to the late payment of minimum wages from approximately December 1, 2015 through the present date.

6

32.     Plaintiff has retained the law offices of the undersigned attorneys to represent his in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for liquidated damages owing from Plaintiff's untimely paid wages by Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.

## COUNT IV: FLORIDA UNPAID WAGE CLAIM

33.     Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

34.     The parties entered into an employment agreement where Plaintiff would be paid varying rates between $30 and $60 for transporting Defendants' customers.

35.     Plaintiff has performed the transportation services on behalf of Defendants.

36.     Defendants have failed to compensate Plaintiff for transporting the Defendants customers for weekly wages commencing with approximately June 1, 2015 through August 18, 2015.

37.     Defendants owe Plaintiff unpaid wages in the amount of approximately $8,731.

38.     Plaintiff has retained the law offices of the undersigned attorneys to represent his in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Florida Statute §448.08, to be proven at the time of trial for unpaid wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fla. Stat. §448.08, whichever is greater, along with court costs.

## <u>JURY DEMAND</u>

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: August 24, 2015

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Second Floor
Bay Harbor Islands, FL 33154
Telephone (305)773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

8